UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

TERRANCE MIDDLEBROOK,
Petitioner,

vs.

WARDEN, HOCKING
CORRECTIONAL FACILITY,
Respondent.

Case No. 1:16-cv-694

Black, J.
Litkovitz, M.J.

**REPORT AND
RECOMMENDATION**

Petitioner, an inmate in state custody at the Hocking Correctional Facility in Nelsonville, Ohio, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (*See* Doc. 6). In the petition, petitioner challenges his conviction for felonious assault and resulting sentence following a jury trial tried before the Hamilton County, Ohio, Court of Common Pleas in Case No. B1400648. (*See id.*; *see also* Doc. 9, Ex. 3 & Ex. 7, at PAGEID#: 98).[1] Petitioner asserts as grounds for relief that (1) he is absolutely innocent of the crime that was charged against him; (2) he was denied the effective assistance of counsel at trial; and (3) he was denied the effective assistance of counsel on direct appeal to the Ohio Court of Appeals, First Appellate District. (Doc. 6, at PAGEID#: 35, 37, 38).

This matter is before the Court on respondent's motion to dismiss the petition without prejudice on exhaustion grounds. (Doc. 10). Respondent contends that the matter should be dismissed based on petitioner's failure to exhaust his ineffective-assistance-of-appellate-counsel claim, which may still be pursued by way of a delayed application for reopening of the direct appeal under Ohio R. App. P. 26(B) to the Ohio Court of Appeals, First Appellate District. (*See*

---

[1] It appears from the record that petitioner pursued a timely appeal to the Ohio Court of Appeals, First Appellate District, and was granted leave to file a delayed appeal to the Ohio Supreme Court from the appellate court's May 8, 2015 decision affirming the judgment of conviction and sentence. (*See* Doc. 9, Exs. 4-5, 7, 11). On September 29, 2015, the Ohio Supreme Court dismissed the appeal for want of prosecution because petitioner failed to comply with a court order entered on July 1, 2015 directing him to file a memorandum in support of jurisdiction within thirty days. (*See id.*, Ex. 14).

*id.*, at PAGEID#: 484-85). In a pleading filed in reply to the motion to dismiss, petitioner has indicated that he is not opposed to respondent's motion to the extent that he plans to utilize the mechanism of a delayed Rule 26(B) reopening application for the purpose of exhausting his ineffective-assistance-of-appellate-counsel claim in the state courts. (*See* Doc. 11). Petitioner states that "he will send a new [petition for a] writ of habeas corpus to this court after all state mechanisms have be[en] exhausted." (*Id.*).

Although both parties appear to agree that dismissal of the instant petition without prejudice is appropriate, the undersigned is concerned that any subsequent habeas corpus petition filed by petitioner with this Court may face a statute-of-limitations bar to review. As respondent has pointed out in the motion to dismiss (*see* Doc. 10, at PAGEID#: 484), the current petition is a "mixed" petition containing only one unexhausted claim for relief. *See Rose v. Lundy,* 455 U.S. 509, 510, 522 (1982). Since the enactment in 1996 of the Antiterrorism and Effective Death Penalty Act (AEDPA), which "preserved *Lundy*'s total exhaustion requirement" for petitions containing both exhausted and unexhausted claims, but also imposed a one-year statute of limitations on the filing of federal habeas petitions, *Rhines v. Weber,* 544 U.S. 269, 275 (2005), some federal courts (including the Sixth Circuit) have adopted a "stay-and-abeyance" procedure to ensure habeas review is not precluded in the class of cases where a timely-filed federal habeas petition is dismissed on exhaustion grounds and petitioner subsequently returns to federal court to present his claims in a renewed petition after exhausting his state remedies only to find that his claims are barred from review by the applicable one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1). *See, e.g., Griffin v. Rogers,* 308 F.3d 647, 652 & n.1 (6th Cir. 2002); *Palmer v. Carlton,* 276 F.3d 777, 778-81 (6th Cir. 2002).

In *Rhines,* 544 U.S. at 276, the Supreme Court affirmed that district courts have the discretion to issue stays in habeas cases, but that such discretion is circumscribed to the extent it

must "be compatible with AEDPA's purposes." The Court pointed out that one of the AEDPA's purposes is to "reduce delays in the execution of state and federal criminal sentences" based on the "well-recognized interest in the finality of state judgments." *Id.* (quoting *Woodford v. Garceau,* 538 U.S. 202, 206 (2003), and *Duncan v. Walker,* 533 U.S. 167, 179 (2001)). In addition, the AEDPA's statute of limitations tolling provision was intended to "reinforce[] the importance of *Lundy*'s "simple and clear instruction to potential litigants: before you bring any claims in federal court, be sure that you first have taken each one to state court." *Id.* at 276-77 (quoting *Lundy,* 455 U.S. at 520).

The Court went on to determine that:

> Stay and abeyance, if employed too frequently, has the potential to undermine these twin purposes. Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings. It also undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition. . . .
>
> For these reasons, stay and abeyance should be available only in limited circumstances.

*Id.* at 277.

The Court held that stay and abeyance "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," and that, "even if a petitioner had good cause for that failure," it would be an abuse of discretion for the court to grant a stay where the unexhausted claims "are plainly meritless" or the "petitioner engages in abusive litigation tactics or intentional delay." *Id.* at 277-78. However, on the other hand, "it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278.

In this case, respondent does not argue, nor does it appear from the present record, that petitioner has engaged in abusive litigation tactics or intentional delay in bringing the ineffective-assistance-of-appellate-counsel claim to the state courts' attention. Respondent contends only that the case should be dismissed rather than stayed because petitioner "cannot show that his claims are potentially meritorious." (Doc. 10, at PAGEID#: 486). However, at this point in the proceedings, the Court cannot conclude that the unexhausted claim is plainly meritless or that petitioner's "exhausted" claims are plainly meritless to the extent that petitioner challenges the sufficiency of the evidence in Ground One and has alleged "cause" for a procedural default that occurred in the direct review proceeding allowed by the Ohio Supreme Court. (*See* Doc. 6, at PAGEID#: 35, 37, 39). Furthermore, if the Court were to dismiss the petition without prejudice instead of staying the case, any subsequent petition filed by petitioner may be subject to dismissal on statute of limitations grounds.

Accordingly, in sum, after weighing the *Rhines* factors, for good cause shown, and out of concern that the dismissal of the petition at this juncture might unreasonably impair future federal review of any of petitioner's grounds for habeas corpus relief, it is **RECOMMENDED** that respondent's motion to dismiss (Doc. 10) be **DENIED**, and that the action instead be **STAYED** while petitioner is afforded the opportunity to fully exhaust the available state-court remedy of a delayed application under Ohio R. App. P. 26(B) to reopen his appeal with the Ohio Court of Appeals. To ensure that judicial and administrative resources are conserved, it is **FURTHER RECOMMENDED** that the stay take the form of an administrative stay and that the case be terminated on the Court's active docket.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Respondent's motion to dismiss (Doc. 10) be **DENIED** and, instead, that the instant petition (Doc. 6) be administratively **STAYED** and **TERMINATED** on the Court's active

docket pending petitioner's exhaustion of his ineffective-assistance-of-appellate-counsel claim in the state courts by way of the arguably available remedy of a delayed application under Ohio R. App. P. 26(B) to the Ohio Court of Appeals for reopening of his appeal. The stay should be conditioned on petitioner's (1) filing a delayed reopening application under Ohio R. App. P. 26(B) with the Ohio Court of Appeals, First Appellate District, within **thirty (30) days** of entry of any Order adopting this Report and Recommendation; and (2) filing a motion to reinstate the case on this Court's active docket within **thirty (30) days** after fully exhausting the state-court remedy through the requisite levels of appellate review, which includes the Ohio Supreme Court. Petitioner should be granted leave to reinstate the case on the Court's active docket when he has exhausted his ineffective-assistance-of-appellate-counsel claim in the state courts based on a showing that he has complied with the conditions of the stay.

Date: 12/14/16

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

TERRANCE MIDDLEBROOK,
Petitioner,

vs.

WARDEN, HOCKING
CORRECTIONAL FACILITY,
Respondent.

Case No. 1:16-cv-694

Black, J.
Litkovitz, M.J.

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

cbc