# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

TERRANCE MIDDLEBROOK,

                Petitioner,       :     Case No. 1:16-cv-694

  - vs -                              District Judge Timothy S. Black
                                         Magistrate Judge Michael R. Merz

BRIAN COOK, Warden
 Southeastern Correctional Institution,

                                           :
               Respondent.

# REPORT AND RECOMMENDATIONS

Petitioner Terrance Middlebrook brought this action *pro se* pursuant to 28 U.S.C. § 2254 to obtain relief from his conviction for felonious assault in the Common Pleas Court of Hamilton County. The case is ripe for consideration on the Petition (ECF No. 1), the State Court Record (ECF No. 25), the Return of Writ (ECF No. 26) and Petitioner's Reply (ECF No. 29).

The Magistrate Judge reference in the case was recently transferred to the undersigned to help balance the Magistrate Judge workload in the District but remains assigned to District Judge Black for final disposition.

**Litigation History**

Middlebrook was indicted on one count of felonious assault on February 14, 2014. A trial jury found him guilty and he was sentenced to a term of eight years' imprisonment, consecutive to

a one-year term imposed for a community control violation in another case. Middlebrook appealed and the Ohio First District Court of Appeals affirmed, although it remanded for inclusion in the sentencing entry of some findings made orally at a hearing.

Middlebrook appealed *pro se* to the Supreme Court of Ohio on July 1, 2015. Although the Supreme Court granted him a delayed appeal, it dismissed his appeal when he failed to file the required jurisdictional memorandum. *State v. Middlebrook*, 143 Ohio St. 3d 1474 (2015). On November 7, 2016, Middlebrook filed a delayed application to reopen his direct appeal under Ohio R. App. P. 26(B) which the First District denied as untimely. A second 26(B) application was also denied as untimely and because Ohio law does not provide for such second applications. He did not appeal to the Supreme Court of Ohio, but filed a third 26(B) application which the First District denied February 2, 2018, because it was untimely, because Ohio law does not provide for such third applications, and because the claims were barred by *res judicata.* Again Middlebrook did not appeal to the Ohio Supreme Court.

On June 15, 2018, Middlebrook filed a fourth 26(B) application. The First District dismissed on the basis that Ohio law does not provide for successive applications. This time Middlebrook did appeal to the Ohio Supreme Court, but that court declined to accept jurisdiction.

Middlebrook initially filed his Petition in this Court on May 5, 2016, then refiled in proper form on July 18, 2016. He pleads three grounds for relief:

> **Ground One: Absolute Innocence -**- She (the victim) attacked me and she was so drunk that she cannot remember the chain of events.
>
> **Supporting Facts:** All the crime scene blood was mine, but the cops misinterpreted and testified it was the victims [sic]. The alleged victim did not have broken bones nor stitches – nothing was presented during trial that officially proved the alleged victim had received the injuries the state claimed. See previously filed "Verified Petition for Issuance of Writ of Habeas Corpus" for

2

description of events that resulted in the misrepresentation of the evidence.

**Ground Two: Ineffective Assistance of Trial Counsel**

**Supporting Facts:** Counsel never produced medical records of this Petitioner, nor the medical records that would have refuted the state's claim of the victim's alleged injuries. See previously filed "Verified Petition for Issuance of Writ of Habeas Corpus" for statements concerning events.

**Ground Three: Ineffective Assistance of Appellate Counsel**

**Supporting Facts:** Failed to raise in any significant manner challenges against the lack of significant or the misrepresentation of the evidence, even relegating this primary issue to the end of the appeal. See statements in "Verified Petition for Issuance of Writ of Habeas Corpus."

(Petition, ECF No. 6, PageID 35, 37-38).

In his Reply, Middlebrook withdraws his last two grounds for relief and they thus do not need any analysis (Reply, ECF No. 29, PageID 841).

# Analysis

**Ground One: Conviction Based on Insufficient Evidence**

In his First Ground for Relief, Middlebrook claims he is actually innocent of felonious assault on the victim, Tammy Fields. As Respondent notes in the Return, to the extent this is a freestanding claim for relief on the basis of actual innocence, it is not cognizable in habeas corpus. *Herrera v. Collins*, 506 U.S. 390, 408-11 (1993). Accepting that point, Middlebrook reframes his First Ground for Relief as a claim that his conviction is not supported by sufficient evidence (Reply, ECF No. 29, PageID 834).

Respondent asserts this Ground for Relief is procedurally defaulted by Middlebrook's failure to file a memorandum in support of jurisdiction in the Ohio Supreme Court. Middlebrook offers as excusing cause the fact that he was hospitalized during the time he would have been preparing this filing (Reply, ECF No. 29, PageID 838). While Middlebrook has not offered documentary proof about the hospitalization, he gives sufficient detail which could be readily corroborated. The Court will therefore accept *arguendo* his account of the hospitalization, find that it excuses his procedural default, and proceed to consider the merits of Ground One.

An allegation that a verdict was entered upon insufficient evidence, as opposed to a freestanding claim of actual innocence, states a claim under the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *Jackson v. Virginia,* 443 U.S. 307 (1979); *In re Winship*, 397 U.S. 358 (1970); *Johnson v. Coyle*, 200 F.3d 987, 991 (6th Cir. 2000); *Bagby v. Sowders*, 894 F.2d 792, 794 (6th Cir. 1990)(*en banc*). In order for a conviction to be constitutionally sound, every element of the crime must be proved beyond a reasonable doubt. *In re Winship*, 397 U.S. at 364.

> [T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt . . . . This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence and to draw reasonable inferences from basic facts to ultimate facts.

*Jackson v. Virginia*, 443 U.S. at 319; *United States v. Paige,* 470 F.3d 603, 608 (6th Cir. 2006); *United States v. Somerset*, 2007 U.S. Dist. LEXIS 76699 (S.D. Ohio 2007). This rule was recognized in Ohio law at *State v. Jenks*, 61 Ohio St. 3d 259 (1991)(paragraph two of the syllabus), superseded on other grounds by state constitutional amendment as stated in *State v. Smith*, 80 Ohio St.3d 89, 102 n.4 (1997). Of course, it is state law which determines the elements of offenses, but

once the State has adopted the elements, it must then prove each of them beyond a reasonable doubt. *In re Winship, supra.*

Middlebrook "asks this court to conduct a complete and denovo [sic] review of the trial record . . . and apply a sufficiency review which concerns whether the evidence, if believed, would support the conviction." (Reply, ECF No. 29, PageID 837.) However, this habeas corpus Court is not authorized to review the evidence *de novo*. Rather, in cases such as Petitioner's challenging the sufficiency of the evidence and filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA"), two levels of deference to state decisions are required:

> In an appeal from a denial of habeas relief, in which a petitioner challenges the constitutional sufficiency of the evidence used to convict him, we are thus bound by two layers of deference to groups who might view facts differently than we would. First, as in all sufficiency-of-the-evidence challenges, we must determine whether, viewing the trial testimony and exhibits in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). In doing so, we do not reweigh the evidence, re-evaluate the credibility of witnesses, or substitute our judgment for that of the jury. See *United States v. Hilliard*, 11 F.3d 618, 620 (6th Cir. 1993). Thus, even though we might have not voted to convict a defendant had we participated in jury deliberations, we must uphold the jury verdict if any rational trier of fact could have found the defendant guilty after resolving all disputes in favor of the prosecution. Second, even were we to conclude that a rational trier of fact could not have found a petitioner guilty beyond a reasonable doubt, on habeas review, we must still defer to the state appellate court's sufficiency determination as long as it is not unreasonable. See 28 U.S.C. § 2254(d)(2).

*Brown v. Konteh*, 567 F.3d 191, 205 (6th Cir. 2009). In a sufficiency of the evidence habeas corpus case, deference should be given to the trier-of-fact's verdict under *Jackson* and then to the appellate court's consideration of that verdict, as commanded by AEDPA. *Tucker v. Palmer*, 541 F.3d 652

5

(6th Cir. 2008); *accord Davis v. Lafler,* 658 F.3d 525, 531 (6th Cir. 2011)(*en banc*); *Parker v. Matthews*, 567 U.S. 37, 43 (2012)(*per curiam*).

> We have made clear that *Jackson* claims face a high bar in federal habeas proceedings because they are subject to two layers of judicial deference. First, on direct appeal, "it is the responsibility of the jury -- not the court -- to decide what conclusions should be drawn from evidence admitted at trial. A reviewing court may set aside the jury's verdict on the ground of insufficient evidence only if no rational trier of fact could have agreed with the jury." *Cavazos v. Smith*, 565 U.S. 1, [2] (2011) (per curiam). And second, on habeas review, "a federal court may not overturn a state court decision rejecting a sufficiency of the evidence challenge simply because the federal court disagrees with the state court. The federal court instead may do so only if the state court decision was 'objectively unreasonable.'" *Ibid*. (quoting *Renico v. Lett*, 559 U. S. [766, 773,] (2010)).

*Coleman v. Johnson*, 566 U.S. 650, 651 (2012)(*per curiam*); *Parker*, 567 U.S. at 43. The federal courts do not make credibility determinations in reviewing sufficiency of the evidence claims. *Brooks v. Tennessee,* 626 F.3d 878, 887 (6th Cir. 2010).

The First District Court of Appeals decided Middlebrook's sufficiency of the evidence claim as part of his fifth assignment of error on direct appeal as follows:

> In his final assignment of error, Middlebrook contests the sufficiency and weight of the evidence underlying his conviction.
>
> To prove felonious assault, the state had to prove that Middlebrook knowingly caused serious physical harm to the victim. See R.C., 2903.u(A)(l). Although Middlebrook claimed he was acting in self-defense, he only suffered a minor injury, whereas the victim suffered extensive injuries to her face, back and arms and was covered in blood when the police found her. Further, at the scene, Middlebrook did not tell the police officers that he was acting in self-defense, but rather that he had "gone off' on the victim after she had thrown a plate at him. Based on the foregoing, we hold that there was sufficient evidence presented for the jury to find Middlebrook guilty of felonious assault. See *State v. Thompkins,* 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (1997).

*State v Middlebrook,* Case No. 140424 (1st Dist. May 8, 2015)(copy at State Court Record, ECF

No. 9, PageID 110.) Middlebrook appears to assert in his Reply that the victim's injuries were not serious enough to count as serious physical harm, but the First District found the victim sustained five bone fractures in her face, a dislocated jaw, swollen eyes and lips, multiple gashes on her face requiring stitches and bruising to her head, arms and back. *Id.* at PageID 98. Middlebrook has not rebutted these findings with clear and convincing evidence and they are therefore binding on this Court. Ms. Fields' testimony supports those findings. While Middlebrook's testimony minimizes the amount of injury he caused, the jury was free to believe her and not him.

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

December 5, 2019.

s/ *Michael R. Merz*<br>United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days

because this Report is being served by mail. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).